Gregory RUFFIN, Petitioner,

v.

DEPARTMENT OF THE TREASURY, Respondent.

No. 03–3219.

United States Court of Appeals, Federal Circuit.

Dec. 3, 2003.

Before CLEVENGER, DYK and PROST, Circuit Judges.

PER CURIAM.

Gregory Ruffin seeks review of the final decision of the Merit Systems Protection Board ("Board") denying his appeal, pursuant to the Veterans Employment Opportunities Act of 1998 ("VEOA"), which challenged his nonselection for the position of Utilities Systems Repairer Operator at the United States Mint in the Department of the Treasury ("agency"). *Ruffin v. Dep't of the Treasury,* No. PH3443000303–B–1, 93 M.S.P.R. 369 (March 12, 2003). We *vacate* and *remand.*

I

Mr. Ruffin is a veteran of the U.S. armed forces, and has been employed by the U.S. government for many years. In March of 1999, his employment ended as a result of a reduction in force. He then became a temporary employee of the agency. In October of 1999, the agency advertised three openings of the position of Utilities Systems Repairer Operator. The Vacancy Announcement defined the Area of Consideration (those persons who would be qualified to apply for the open positions) carefully, as follows: "Applications will be accepted from U.S. Mint employees currently serving under Career or Career–Conditional appointments, as well as from U.S. Mint employees currently serving under Excepted Appointments (*i.e.,* VRA or Handicapped authorities)."

The positions were thus not offered to the public without restriction, but instead were only offered to two classes of individuals: current Career or Career-conditional appointed employees and current employees serving under veterans readjustment appointment ("VRA") or handicapped authorities. Throughout the litigation, the agency took the position that all temporary employees were excluded from the Area of Consideration. Because Mr. Ruffin admitted that he was a temporary employee

when he sought to apply for the open positions, the Administrative Judge concluded that Mr. Ruffin clearly fell outside the Area of Consideration. Because he was not entitled to be considered for the open positions, his nonselection by the agency was affirmed by the Administrative Judge, who dismissed the appeal.

Mr. Ruffin appealed his nonselection to the Board. In his *pro se* petition for review, Mr. Ruffin challenged the determination by the Administrative Judge that the Area of Consideration was limited only to permanent employees. He argued instead that he qualified as a VRA under the terms of the Area of Consideration stated in the Vacancy Announcement. He stated clearly in his petition that "[t]he vacancy was not just limited to permanent employees."

Notwithstanding the clear statement in Mr. Ruffin's petition for review that he challenged the Administrative Judge's interpretation of the Area of Consideration as strictly limited to current permanent employees, the Board in a footnote dismissed Mr. Ruffin's contention, stating "[w]hile the appellant seems to argue in his petition for review that he should have been considered within the area of consideration ... he does not challenge [the agency's contention] that his appointment did not fall within the categories listed in the announcement." Board opinion, n.4, at 4–5.

Because the Board accepted the Area of Consideration as limited solely to permanent current employees, and since Mr. Ruffin conceded that he was not one such, the Board summarily rejected Mr. Ruffin's argument that even as a temporary employee he was within the Area of Consideration because of his status as a veteran. The Board thus entered its final decision affirming the agency's refusal to consider

Mr. Ruffin as within the Area of Consideration.

Mr. Ruffin timely sought review of the Board's final decision in this court, and we have jurisdiction under 28 U.S.C. § 1295(a)(9) (2000).

## II

We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. Further, when the decision of the Board rests on findings of fact, we must accept the Board's findings of fact when they are supported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

In his petition to this court, Mr. Ruffin concedes that he was a temporary employee of the agency when he applied to be hired for one of the three advertised positions.

Mr. Ruffin's petition states that "the area of consideration listed in the job posting did not indicate whether applicants were required to be temporary or permanent employees." He further argues that he had VRA status, as required in the Area of Consideration, at all relevant times. Because he sees no prohibition in the Area of Consideration for a VRA temporary employee, he asserts that he falls squarely within the Area of Consideration. Consequently, he assigns reversible error to the Board's determination that he falls outside the Area of Consideration.

In response, the agency relies on footnote 4 to the Board's decision, stating that Mr. Ruffin failed to challenge the proposition that only permanent employees qualified to apply for the open positions. Next, the agency argues, without any factual support in its brief, that Mr. Ruffin in fact did not enjoy VRA status. Third, the agency points out that the reference in the Area of Consideration to career or career-conditional appointments excludes temporary employees, citing 5 C.F.R. § 315.201(a).

In order to determine whether there was any merit to Mr. Ruffin's argument in this court that the job openings were not restricted to permanent current employees, we called for the full record in the case. The Board promptly provided us with a copy of the full record. In a matter of moments, we were able to locate Mr. Ruffin's petition for review to the full Board. As noted above, his brief stated his argument, in the kind of utmost clarity often delivered in *pro se* writings, bluntly: "The vacancy was not just limited to permanent employees."

We need pause no longer in deciding that the Board erred in holding that Mr. Ruffin presented no challenge to the agency's reading of the Area of Consideration. Had the Board given credit to Mr. Ruffin's argument, it would have had occasion to decide whether the legal effect of the Area of Consideration is to bar even VRA status temporary employees. Further, it would have no doubt met the agency's current contention that, as a matter of fact, Mr. Ruffin does not qualify as VRA, even if temporary employees with VRA status do qualify to seek the open jobs. Whether Mr. Ruffin enjoyed VRA status at the time of his application is a fact question raised on appeal by the agency; the issue cannot be resolved here in the first instance. We have no quibble with the agency's reference to 5 C.F.R. § 315.201(a), which defines career or career-conditional appointees as "other than temporary." Mr. Ruffin has never claimed satisfaction of the Area of Consideration criteria as a permanent employee. The gist of his case, presented to but overlooked by the Board, is that as a veteran with VRA status he fell within the

Area of Consideration as a current employee even though his appointment was to a temporary position.

Fundamental fairness requires the Board to address and decide issues clearly put to it. In this case, the correct interpretation of the scope of the Area of Consideration was raised by Mr. Ruffin for decision. A decision of the Board that fails to decide such issues is not in accordance with law.

For the foregoing reasons, the final decision of the Board is vacated and the case is remanded to the Board for further proceedings to determine the correct legal scope of the Area of Consideration and then to determine whether Mr. Ruffin falls within or without that scope.