NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3457

GREGORY RUFFIN,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED:  September 9, 2005

_____

Before CLEVENGER, RADER and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Gregory Ruffin seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal, pursuant to the Veterans Employment Opportunities Act of 1998 ("VEOA"), which challenged his non-selection for the position of Utilities Systems Repairer Operator at the United States Mint in the Department of the Treasury ("agency").  <u>Ruffin v. Dep't of the Treasury</u>, No. PH3443000303-M-1 (July 20, 2004) ("<u>Final Decision</u>").  We <u>affirm</u>.

I

This case is here on appeal for the second time.  <u>See</u> <u>Ruffin v. Dep't of the Treasury</u>, 83 Fed. Appx. 324 (Fed. Cir. 2003).  The case involves Mr. Ruffin's attempt to be selected for the position of Utilities Systems Repairer Operator.  He is a veteran of

the U.S. armed forces and was serving as a temporary employee of the agency when it advertised openings for the position he sought.

The vacancy announcement for the positions defined the Area of Consideration, those persons who were qualified to apply for the open jobs, as follows: "Applications will be accepted from U.S. Mint employees currently serving under Career or Career-Conditional appointments, as well as from U.S. Mint employees currently serving under Excepted Appointments (i.e., VRA or Handicapped authorities)." Final Decision at 3.

As explained in our opinion in Mr. Ruffin's first appeal to this court, the agency took the position that temporary employees fell outside the Area of Consideration. Ruffin, 83 Fed. Appx. at 325. Since Mr. Ruffin admittedly held a temporary position, the agency and the Board concluded that he failed to qualify to seek the open jobs. As we pointed out in our first opinion, the fact that Mr. Ruffin held a temporary job did not end the matter, because he insisted before the Board that as a veteran, with veterans' preferences, he fit the description of holding a position under "VRA authorities." Id. at 326. The Area of Consideration did not disqualify persons holding a "VRA authority" position, even if it were temporary. Because Mr. Ruffin had explicitly argued to the Board that his VRA status brought him within the Area of Consideration, and because the Board had ignored his argument, we vacated the Board's final decision and remanded the case for further proceedings. Id. at 326-27. In particular, we instructed the Board to "determine the correct legal scope of the Area of Consideration and then to determine whether Mr. Ruffin falls within or without that scope." Id. at 327.

II

On remand, the Board returned the case to the Administrative Judge assigned to the matter, with instructions in accordance with our remand.

The Administrative Judge stated that the scope of the Area of Consideration comprised U.S. Mint employees currently (i.e., at the time of the announcement of the job openings) serving under Career or Career-Conditional appointments or under Excepted Appointments (i.e., VRA or Handicapped authorities).

Next, the Administrative Judge examined the Standard Form SF-50 pursuant to which Mr. Ruffin obtained his appointment. The SF-50 clearly shows that Mr. Ruffin's appointment was temporary and thus fell outside the Career or Career-Conditional category of appointments.

Mr. Ruffin's SF-50 also clearly states that he was appointed to his temporary position under the authority of 5 C.F.R. 316.402(a), which permits the agency to make competitive temporary appointments. As explained by the Administrative Judge, the agency's choice of this particular appointment authority has dispositive impact on Mr. Ruffin's case.

This is so because the agency did not elect to appoint Mr. Ruffin under the authority of 5 C.F.R. § 316.402(b), entitled "Noncompetitive temporary appointments." Subsection (b) provides that temporary VRA appointments may be made under the authority of 5 C.F.R. § 307.103. Part 307 of Title 5 of the Federal Register, entitled "Veterans Readjustment Appointments," includes a definition of VRA at 5 C.F.R. § 307.101(d):

> (d) Veterans readjustment appointment (VRA) is an excepted appointment made after April 8, 1970, under this part, to a position

otherwise in the competitive service of eligible veterans of the Vietnam and post-Vietnam era.

In short, Mr. Ruffin held his temporary job pursuant to section 316.402(a) authority, concerning temporary appointments in the competitive service, and not pursuant to section 316.402(b), the authority for VRA appointments. Thus, because Mr. Ruffin did not hold a VRA appointment and his record shows no reference to appointment pursuant to Handicapped authorities, the Administrative Judge held that Mr. Ruffin fell outside the Area of Consideration. The Administrative Judge's decision became the final decision of the Board on July 20, 2004, and Mr. Ruffin timely sought review in this court.

III

We must affirm the Board's final decision unless we determine it to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c).

The only issue before the court in this case is whether Mr. Ruffin was serving under a VRA appointment at the time of the job vacancy announcements. If so, he would have fallen within the Area of Consideration; if not, he would have fallen outside the Area of Consideration.

As the Board noted, it has accorded discretion to agencies in allowing them to use various appointment authorities to fill jobs. See Scharein v. Dep't of the Army, 91 M.S.P.R. 329 (2002); Sherwood v. Dep't of Veterans Affairs, 88 M.S.P.R. 208 (2001). The record clearly shows that Mr. Ruffin was given a temporary appointment under authority that does not relate to his veteran status. Being entitled to appointment under VRA authority does not necessarily mean that a veteran will be appointed under

such authority; indeed, Mr. Ruffin was not appointed under VRA authority. Consequently, his temporary job did not place him within the Area of Consideration for the open jobs.

After two appeals to the Board, and two appeals to this court, it is now clear that Mr. Ruffin's temporary appointment was not pursuant to VRA authority and that his VEOA appeal was correctly dismissed.

Whether a person has "VRA status," that is, whether they are a veteran with certain employment rights, is a different matter from whether a person with such status is appointed to a job under authority that provides for VRA appointed positions. This is a matter that easily could have been sorted out on the occasion of Mr. Ruffin's first appeal to the Board by the Board itself, thus saving the resources of the Board and this court and, equally importantly, providing more timely justice to Mr. Ruffin.